IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CHARLES E. BAGLAN                                                                                    PLAINTIFF

v.                                                                           CIVIL ACTION NO. 2:12-CV-00053-GHD-SAA

KEMPER INSURANCE COMPANY and
UNITRIN AUTO AND HOME INSURANCE COMPANY                               DEFENDANTS

MEMORANDUM OPINION DENYING PLAINTIFF'S MOTIONS TO REMAND

Presently before this Court are Plaintiff's motion to remand the case to state court [7] and Plaintiff's supplemental motion to remand the case to state court [11]. Upon due consideration, the Court is of the opinion that the motions are not well taken.

*A. Factual and Procedural Background*

On February 16, 2012, Plaintiff Charles E. Baglan ("Plaintiff") filed a complaint in the Circuit Court of the Second Judicial District of Panola County, Mississippi, against Defendants Kemper Insurance Company and Unitrin Auto and Home Insurance Company ("Defendants") to recover for hail damage to his vehicle. It is undisputed that on or about April 28, 2011, Plaintiff's automobile, a 2008 GMC Yukon Denali, sustained hail damage. Plaintiff alleges that this vehicle was covered under an insurance policy with Kemper Insurance Company and that he filed a hail damage claim, which Kemper Insurance Company subsequently denied. Plaintiff further alleges that Defendants' actions in denying the claim constitute "bad faith," a "heightened tort," and "an unreasonable, arbitrary[,] and capricious denial of insurance benefits due and owing to Plaintiff." Plaintiff avers that Defendants have "exhibit[ed] a willful and wanton act or

1

gross disregard" for Plaintiff's rights as an insured. Plaintiff further avers that he has suffered negligent or intentional infliction of emotional distress as a result, and he seeks compensatory and punitive damages in an unspecified amount.

Defendants timely removed this case to this Court on the basis of diversity jurisdiction and then filed their answer and affirmative defenses. Plaintiff subsequently filed a motion to remand [7] the case to state court, and Defendants filed a response to the same. Plaintiff then filed a supplemental motion to remand [11], and Defendants filed a response to the same. These matters are now ripe for review.

*B. Standard of Review*

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the filing of the notice of removal on any defect except subject matter jurisdiction, which can be raised at any time by any party or *sua sponte* by the court. *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 F. App'x 946, 947 (5th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## C. Discussion

Federal diversity jurisdiction requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). In the case *sub judice*, there is no question that complete diversity exists between Plaintiff and Defendants. The only issue is whether the amount in controversy meets the jurisdictional threshold.

Plaintiff argues that its complaint falls below the jurisdictional threshold and thus that removal is not proper. Plaintiff attaches an affidavit to his motion to remand in which he asserts that he will not seek a judgment for more than $70,000.00. Plaintiff later clarifies in his supplement to the motion to remand that "he is not seeking a judgment in excess of $70,000.00, which would include punitive or any other damages." Plaintiff argues that as a result this Court lacks subject matter jurisdiction and should remand the case to state court.

A district court enjoys diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). The amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If a defendant establishes "by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," a plaintiff may defeat removal only by establishing to a legal certainty that his or her recovery will not exceed the statutory threshold. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (quotation marks and citation omitted). A plaintiff may try to establish "legal certainty" by submitting with his complaint a "binding stipulation or affidavit" that states the plaintiff seeks less than the jurisdictional threshold and will not accept an award that exceeds the jurisdictional

3

threshold. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

Courts generally begin the amount-in-controversy analysis by "look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds" the jurisdictional threshold. *Ervin v. Sprint Commc'ns Co. LP*, 364 F. App'x 114, 117 (5th Cir. 2010) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). In the case *sub judice*, the complaint's *ad damnum* clause provides that Plaintiff seeks compensatory damages and punitive damages. However, nowhere does the complaint specify the amount of damages sought, nor does the complaint attempt to specify that Plaintiff seeks less than the jurisdictional threshold. Plaintiff has stated in an affidavit attached to his motion to remand, as well as his supplement to his motion to remand, that he will not accept more than $70,000.00, and that this includes both compensatory and punitive damages. Although this would appear to establish Plaintiff's good-faith willingness to accept an amount less than the jurisdictional threshold, it does not establish anything about the amount in controversy on the face of the complaint.

When, as in the case *sub judice*, a complaint does not allege a specific amount of damages, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount"; in this analysis, the court may rely on "summary judgment-type" evidence to determine the amount in controversy. *See Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citations omitted); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57–58 (5th Cir. 1993). Defendant argues that because Plaintiff's complaint seeks an unspecified amount of damages, including punitive damages, Plaintiff's complaint meets the jurisdictional threshold and this Court has diversity jurisdiction over the matter.

4

Plaintiff asserts a claim for negligent infliction of emotional distress or intentional infliction of emotional distress, as well as a "bad faith" insurance claim, and seeks compensatory and punitive damages for his suffering. The Court finds that Defendant has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional amount at the time of removal. Therefore, remand is not appropriate in this case.

*D. Conclusion*

In sum, Plaintiff's motion to remand to state court [7] and Plaintiff's supplemental motion to remand to state court [11] are DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 24th day of October, 2012.

_____
SENIOR JUDGE